# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| **THE NOCO COMPANY**<br>30339 DIAMOND PARKWAY, #102<br>GLENWILLOW, OHIO 44139<br><br>            Plaintiff,<br><br>    v.<br><br>**SHENZHEN DINGJIANG TECHNOLOGY CO., LTD. D/B/A TOPDON**<br>HUAFENG BAO'AN ZHIGU INNOVATION PARK YINTIAN 4TH RD., XIXIANG, BAO'AN DIST. SHENZHEN CHINA 518000<br><br>AND<br><br>**USA TOPDON LLC D/B/A TOPDON**<br>8 THE GREEN, SUITE A,<br>DOVER, KENT, DE, 19901<br><br>            Defendants. | CASE NO:<br><br>JUDGE: |

## COMPLAINT
## (JURY DEMAND ENDORSED HEREIN)

Plaintiff The NOCO Company d/b/a NOCO ("***Plaintiff***" or "***NOCO***") by and through counsel, and for its Complaint against Defendants Shenzhen Dingjiang Technology Co., Ltd. d/b/a TOPDON ("***TOPDON China***") and USA TOPDON LLC d/b/a TOPDON ("***TOPDON USA***") (together, "***Defendants"*** or "***TOPDON***"), states as follows:

### INTRODUCTION

1. TOPDON is willfully infringing upon NOCO's trademark in connection with the sales of its competing products in Ohio and the United States of America.

These infringing activities are illegal, and have harmed, and will continue to harm, NOCO.

## PARTIES

2. NOCO is an Ohio corporation engaged in the design, manufacture, and sale of battery chargers, portable power devices, and battery products and accessories.

3. TOPDON CHINA is a corporation organized under the laws of China and engaged in the design, manufacture and sale of battery chargers and jump starters under the brand name "TOPDON".

4. TOPDON USA is a Delaware corporation engaged in the sale of battery chargers and jump starters under the brand name "TOPDON".

5. TOPDON USA is merely a sales division of TOPDON CHINA.

6. TOPDON USA and TOPDON China do not possess distinct corporate identities, do not maintain corporate formalities, and operate as one entity under common ownership, management, and direction.

7. TOPDON USA and TOPDON China are working in concert to sell products, using NOCO's proprietary intellectual property in connection with such sales, without the authority or consent of NOCO.

## JURISDICTION/VENUE

8. This Court has original subject matter jurisdiction over NOCO's trademark claims pursuant to 28 U.S.C. § 1338(a).

9. This Court also has original jurisdiction over NOCO's unfair competition claims, pursuant to 28 U.S.C. § 1338(b), because they are joined with NOCO's substantial and related trademark claims.

10. This Court has supplemental jurisdiction, pursuant to 28 U.S.C. § 1367, over NOCO's remaining claims because they form part of the same case or controversy as NOCO's trademark and unfair competition claims.

11. Pursuant to Ohio Revised Code Section 2307.382, this Court has personal jurisdiction over TOPDON because, among other reasons, TOPDON regularly solicits and transacts business, supplies goods, and has caused tortious injury in the State of Ohio, knowing that NOCO would be harmed here.

12. Additionally, TOPDON China is subject to this Court's exercise of personal jurisdiction by operation of Fed. R. Civ. P. 4(K)(2).

13. Due process is also satisfied as to TOPDON because they have purposely availed themselves of this forum by: operating a fully interactive commercial website, operating Amazon.com's platform interactively as a third party seller, offering products for sale in Ohio, shipping products into Ohio, and tortiously harming NOCO in Ohio, knowing that NOCO would be harmed here.

14. NOCO's claims arise from TOPDON's forum-related activity, including its infringing marketing, sales, and shipments into the forum, which are directly relevant to NOCO's cause of action.

15. Jurisdiction is reasonable because of TOPDON's purposeful availment of this forum and relevance of TOPDON's forum contacts.

16. This Court may lawfully exercise personal jurisdiction over both TOPDON China and TOPDON USA if the Court determines that it possesses jurisdiction over either, because they are alter egos for purposes of jurisdiction.

17. Venue is proper pursuant to 28 U.S.C. § 1391(b) because a substantial portion of the infringing sales were made in Ohio, and further because the affected intellectual property is the property of NOCO, an Ohio company, and TOPDON can be said to have reached into this forum to take NOCO's intellectual property.

## THE TRADEMARK

18. NOCO sells its products on its website (https://no.co/), to wholesalers and authorized resellers and retailers, and through online stores such as Amazon.

19. NOCO protects its brand, its goodwill, and its valuable intellectual property, including through registration of its trademarks.

20. At issue in this case is NOCO's federally registered trademark ULTRASAFE®, with Registration No. 4,811,656. (the "*Trademark*"). The Certificate of Registration for the Trademark is attached as Exhibit 1.

21. The Trademark covers: "battery jump starters, battery chargers, battery packs, inverters" in International Class 009.

22. NOCO also obtained an international registration of the ULTRASAFE® mark, covering the same goods in IC 009, with registration number 1481445. The international registration's summary is attached as Exhibit 2.

23. Examples of NOCO's use of the Trademark are included as Figures 1 and 2 below.



*Figure 1: NOCO product listing for the GB40, available at no.co/gb40.*



*Figure 2: NOCO product listing for the GB40, available at no.co/gb40.*

24. NOCO regularly monitors the marketplace to identify infringement, protect its consumers, and prevent brand dilution, tarnishment, and confusion as to the origin of its products.

25. In the course of such monitoring, NOCO has discovered that TOPDON is infringing upon the Trademark.

## **THE INFRINGEMENT**

26. TOPDON sells its products online on www.Amazon.com using the Amazon storefront TT TOPDON.

27. TOPDON also performs retail services, advertises, offers products for sale, and sells competing products through its own website TOPDON.com, and possibly other websites.

28. TOPDON is using the Trademark in connection with its advertisement, offering for sale, and sales of battery chargers and jump starters as well as in the course of performing retail services online.

29. Specifically, TOPDON is unlawfully and unfairly promoting its competing products by using phrases protected by NOCO's trademark, including "UltraSafe."

30. Screen captures depicting TOPDON's website, Amazon listings and associated infringing material are included below as Figures 3 and 4.



*Figure 3: TOPDON's website product listing for the Volcano 1200 jump starter, available at https://topdonusa.com/collections/battery-testing/products/volcano1200.*



*Figure 4: TOPDON's Amazon product listing for the Volcano 1200 & Hurricano200 bundle, available at https://www.amazon.com/TT-TOPDON-Portable-Station-Generator/dp/B08F59LW9T.*

31. As can be seen in Figures 3 and 4 above, TOPDON is using the Trademark, in connection with online retail services and sales of jump starters, thereby plainly infringing upon NOCO's valid and subsisting trademark registration.

32. Specifically, TOPDON uses NOCO's ULTRASAFE® mark to encourage Ohio and United States consumers to purchase their competing similar products.

33. TOPDON does not have, and has never had, permission or authorization of any kind from NOCO for such use.

34. TOPDON's use of the Trademark is likely to cause, has caused, and will continue to cause consumer confusion, deception, and mistake, harming both consumers and NOCO.

35. As of the date of this filing, TOPDON continues to violate NOCO's intellectual property rights.

## Count One
## Declaratory Judgment/Injunctive Relief

36. NOCO hereby incorporates each and every preceding paragraph as if fully restated herein.

37. An actual and justiciable controversy exists between NOCO and TOPDON related to whether TOPDON has the right to use the Trademark without NOCO's consent and in violation of NOCO's rights in the Trademark.

38. The Court, pursuant to 28 U.S.C. § 2201(a) and Fed. R. Civ. P. 57, should declare that TOPDON has no right or authorization to use the Trademark, as these actions have harmed and continue to harm NOCO in an amount to be determined at trial.

39. Such a declaration is proper, pursuant to U.S.C. § 2201(a), because it would terminate an "actual controversy" between the parties and declare NOCO's rights with respect to this issue.

## Count Two
## Trademark Infringement (15 U.S.C. § 1114)

40. NOCO hereby incorporates each and every preceding paragraph as if fully restated herein.

41. NOCO is the owner of the Trademark (ULTRASAFE®).

42. TOPDON uses the Trademark in connection with its sale of competitive products without NOCO's authorization or consent.

43. TOPDON's use of the Trademark is likely to cause confusion among

consumers as to the source and origin of the parties' products.

44. TOPDON's use of the Trademark constitutes willful trademark infringement pursuant to 15 U.S.C. § 1114.

45. As a result, NOCO has suffered damages and will continue to suffer damages in an amount to be proven at trial.

**Count Three**
**Trademark Dilution (15 U.S.C. § 1125)**

46. NOCO hereby incorporates each and every preceding paragraph as if fully restated herein.

47. NOCO is the owner of the Trademark (ULTRASAFE®).

48. The Trademark is well known and distinctive within the battery and battery charging industry.

49. TOPDON's unauthorized use of the Trademark is causing the willful dilution of the Trademark by blurring and tarnishing the reputation and goodwill associated with the Trademark in violation of 15 U.S.C. § 1125(c).

50. As a result, NOCO has suffered damages and will continue to suffer damages in an amount to be proven at trial.

**Count Four**
**Ohio Deceptive Trade Practices (O.R.C. § 4165.02)**

51. NOCO hereby incorporates each and every preceding paragraph as if fully restated herein.

52. NOCO is the owner of the Trademark (ULTRASAFE®).

53. TOPDON's unauthorized use of the Trademark is likely to cause confusion as to the source of the parties' products in violation of O.R.C. § 4165.02(A)(2).

54. TOPDON's unauthorized use of the Trademark creates the misperception that TOPDON and NOCO are affiliated, which violates O.R.C. § 4165.02(A)(3).

55. As a result, NOCO has suffered damages and will continue to suffer damages in an amount to be proven at trial.

### Count Five
### Unfair Competition

56. NOCO hereby incorporates each and every preceding paragraph as if fully restated herein.

57. TOPDON unfairly competes with NOCO through its authorized use of the Trademark.

58. TOPDON's actions have damaged NOCO in the form of, *inter alia*, lost sales, harm to reputation, trademark infringement, trademark dilution, and tarnishment.

59. As a direct and proximate cause of TOPDON's conduct, NOCO has suffered and will continue to suffer damages in an amount to be proven at trial.

**WHEREFORE,** Plaintiff prays for judgment as follows:

A. As to Count One, a declaratory judgment declaring that TOPDON is unauthorized to use the Trademark, and permanently enjoining TOPDON from any further use of the Trademark;

B. As to Count Two, pursuant to 15 U.S.C. § 1117(a), award NOCO up to three times its actual and compensatory damages determined at trial, which exceed $25,000, as well as NOCO's attorney's fees and costs, disgorge TOPDON of all proceeds from its infringing sales, and permanently enjoin TOPDON from using, and willfully infringing upon, the Trademark;

C. As to Count Three, pursuant to 15 U.S.C. § 1117(a), award NOCO up to three times its actual and compensatory damages determined at trial, which exceed $25,000, as well as NOCO's attorney's fees and costs, disgorge TOPDON of all proceeds

from its infringing sales, and permanently enjoin TOPDON from using, and willfully infringing upon, the Trademark;

      D.    As to Count Four, award compensatory damages in an amount to be determined at trial, but in excess of $25,000, as well as NOCO's attorney's fees and costs, disgorge TOPDON of their profits from all infringing sales, and permanently enjoin TOPDON from using the Trademark in violation of O.R.C. § 4165.02; and

      E.    As to Count Five, award compensatory damages in an amount to be determined at trial, but in excess of $25,000, as well as NOCO's attorney's fees and costs, disgorge TOPDON of the proceeds from their infringing sales, and permanently enjoin TOPDON from unfairly competing with NOCO by using the Trademark.

Respectfully submitted,

**KOHRMAN JACKSON & KRANTZ LLP**

*/s/ Sean P. Malone*
SEAN P. MALONE (0076353)
DAVID R. POSTERARO (0024661)
One Cleveland Center, 29th Floor
1375 East Ninth Street
Cleveland, Ohio 44114
Phone: 216-696-8700
Fax: 216-621-6536
Email: spm@kjk.com; drp@kjk.com

*Counsel for Plaintiff*

## JURY DEMAND

Plaintiff respectfully demands a trial by jury pursuant to Fed. R. Civ. P. 38.

*/s/ Sean P. Malone*
SEAN P. MALONE